# FOR YOUR INFORMATION

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0283p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

GREGORY LOTT,

        *Petitioner-Appellant,*

   *v.*

MARGARET BAGLEY, Warden,

        *Respondent-Appellee.*

Nos. 05-4336; 07-4294

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
Nos. 95-02642; 04-00822—Kathleen McDonald O'Malley, District Judge.

Argued: June 11, 2008

Decided and Filed: August 8, 2008

Before: BOGGS, Chief Judge; MERRITT and COLE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Gregory W. Meyers, OFFICE OF THE OHIO PUBLIC DEFENDER, Columbus, Ohio, for Appellant. Sarah A. Hadacek, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Gregory W. Meyers, Melissa J. Callais, Robert K. Lowe, OFFICE OF THE OHIO PUBLIC DEFENDER, Columbus, Ohio, for Appellant. Sarah A. Hadacek, Stephen E. Maher, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, Michael L. Collyer, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

---

## OPINION

---

    MERRITT, Circuit Judge. The present question before us in this habeas corpus, murder case, in which Ohio has imposed the death penalty, is whether the trial and post-conviction evidence would now convince a reasonable factfinder that Lott is innocent of the crime. We agree with District Judge O'Malley that the new evidence of prosecutorial wrongdoing does not undermine the finding of guilt, which means that Lott may not proceed with his otherwise procedurally defaulted claim that the State violated his due process rights by failing to turn over certain "exculpatory" information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Hence, we affirm the judgment for the State.

1

We have written three previous opinions in this case during the last seven years. *Lott v. Coyle*, 261 F.3d 594 (2001); *In re: Gregory Lott*, 366 F.3d 431 (2004); *In re: Gregory Lott*, 424 F.3d 446 (2005). The first opinion recited the gruesome facts and affirmed the denial of Lott's habeas corpus petition on all issues except Lott's actual innocence, "gateway" claim brought under the legal theory set out in *Schlup v. Delo*, 513 U.S. 298 (1995). According to *Schlup*, a petitioner may advance a procedurally defaulted claim if he is able to show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. We did not resolve the *Schlup* issue in our first opinion because we noted that "this issue may now be pending in the state court and has not been fully briefed before us." 261 F.3d 621. In an abundance of caution, given that this is a death penalty case, we addressed this issue in our second opinion and issued an "order authorizing the district court to consider [a] second [habeas] application for a *Brady*, actual innocence, gateway claim." 366 F.3d 431-34. In the third opinion, we resolved an issue regarding the attorney-client privilege raised by Lott "in the midst of litigating his second habeas corpus proceeding" concerning the actual innocence claim.

The issue, as explained in earlier opinions, turns on the application of *Schlup v. Delo* and § 2244(b)(2):

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
> . . . .
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Lott concedes that his legal counsel knew of the facts constituting his *Brady* exculpatory evidence claim by February of 1992. In fact, he admits that his "counsel intentionally committed malpractice by deciding to deliberately bypass Ohio's courts." He explains: "Acting under the old school strategy of 'deliberate bypass,' Baich [Lott's prior counsel] hid this evidence from state courts for fear that he would lose in what was perceived as a hostile forum, hoping instead to play this winning hand in federal court."[1] Petitioner's Brief, *Lott v. Bagley* (filed May 5, 2008). It is difficult to read these statements by Lott's present counsel as anything other than an admission that Lott's previous post-conviction counsel failed to meet the "due diligence" requirement of § 2244.

Even if he were able to meet the due diligence requirement of § 2244, Lott has been unable to advance facts that establish that it is more likely than not that he is actually innocent of the aggravated murder of his aged victim. As a result, he may not advance his procedurally defaulted claim that the State committed a *Brady* violation. In her thorough and comprehensive opinion of September 28, 2007, District Judge O'Malley rejected Lott's gateway actual innocence claim, leaving no stone unturned in her analysis of the facts and the application of the law of procedural default and actual innocence. We attach her findings and conclusions on this issue (consisting of pages 28-40 of her opinion) as Exhibit 1 to this opinion and incorporate them by reference as our reasons for rejecting Lott's *Schlup* actual innocence claim and for affirming the judgment of the

---

[1]For an explanation of the "old school strategy of 'deliberate bypass,'" see *Fay v. Noia*, 372 U.S. 391, 433-40 (1963), overruled in part by *Wainwright v. Sykes*, 433 U.S. 72 (1977).

District Court. For the full opinion see *Lott v. Bagley*, No. 1:04-CV822, 2007 U.S. Dist. LEXIS 91762 (N. D. Ohio Sept. 28, 2007).

Accordingly, the judgment of the District Court denying Lott's petition for a writ of habeas corpus is affirmed.