IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY LOTT, | ) | |
| | ) | |
|     Petitioner, | ) | Case No. 1:04-cv-822 |
| | ) | Related Case No. 1:95-cv-02642 |
| v. | ) | JUDGE JAMES S. GWIN |
| | ) | |
| CHARLOTTE JENKINS, Warden, | ) | DEATH PENALTY CASE |
| | ) | |
|     Respondent. | ) | |

**MOTION FOR AUTHORIZATION TO APPEAR IN STATE COURT**

Comes now Petitioner Gregory Lott and respectfully moves this Court to enter an order authorizing his appointed counsel, Stephen A. Ferrell and Dana Hansen Chavis of Federal Defender Services of Eastern Tennessee, Inc., to appear in state court and litigate a newly-arising constitutional claim on Mr. Lott's behalf. Exhaustion of state-court remedies is required before Mr. Lott may properly present the new constitutional claim to this Court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, no other counsel is available to represent Mr. Lott. The reasons for this motion are set forth in the attached Memorandum.

                                                  Respectfully submitted,

                                                  FEDERAL DEFENDER SERVICES
                                                  OF EASTERN TENNESSEE, INC.

                                                  <u>/s/Stephen A. Ferrell</u>
                                                  Stephen A. Ferrell, Ohio Bar No. 0061707
                                                  Asst. Federal Community Defender
                                                  Stephen_Ferrell@fd.org
                                                  **Counsel for Petitioner**

/s/ Dana C. Hansen Chavis
Dana C. Hansen Chavis, TN BPR No. 19098
Asst. Federal Community Defender
Dana_Hansen@fd.org
**Co-Counsel for Petitioner**

800 S. Gay Street, Suite 2400
Knoxville, TN  37929
Phone: (865) 637-7979
Fax: (865) 637-7999

## MEMORANDUM IN SUPPORT

For the following reasons, Mr. Lott respectfully requests an order authorizing counsel to appear in state court and litigate a newly-arising constitutional claim for purposes of exhausting state remedies:

1. Mr. Lott is currently confined at Chillicothe Correctional Institution in Chillicothe, Ohio under a sentence of death. He is in the custody of Warden Charlotte Jenkins[1]. Mr. Lott's execution date is scheduled for August 14, 2019.

2. In 1987, a three-judge panel in Cuyahoga County, Ohio, convicted Mr. Lott of aggravated murder and sentenced him to death. Mr. Lott unsuccessfully pursued state court direct and post-conviction appeals of his conviction and sentence. He has also been denied federal habeas relief.

3. On March 20, 2013, Mr. Lott's former counsel from the Ohio Public Defender Office filed a motion to withdraw and suggested that Federal Defender Services of Eastern Tennessee was available for appointment (R. 97). Pursuant to

---

[1] Charlotte Jenkins was appointed Warden of Chillicothe Correctional Institution on June 29, 2014.

18 U.S.C. § 3599 and *Harbison v. Bell*, 566 U.S. 180 (2009), this Court granted the motion and appointed undersigned counsel on April 1, 2013 (R. 100).

Since that appointment, counsel have been engaged in a review of Mr. Lott's case. Importantly, recent case law from the United States Supreme Court raises previously unavailable, colorable constitutional issues regarding Mr. Lott's death sentence that have not been raised in state or federal court. There is no other available counsel to pursue state-court remedies on behalf of Mr. Lott.[2] Accordingly, counsel requests authorization to appear in state court to exhaust Mr. Lott's newly-arising claim in order to present it to the federal courts. *See Gapen v. Bobby*, No. 3:08-cv-280, 2013 WL 5539557, at *4 (S.D. Ohio Oct. 8, 2013) (expanding the scope of federally-appointed counsel's representation to include exhaustion proceeding); *Waddy v. Robinson*, No. 3:98-cv-84, 2013 WL 3087294, at *3 (S.D. Ohio Jun. 18, 2013) (authorizing federally-appointed counsel to appear in state court).

4. There are available state-court remedies for a newly-arising claim demonstrating the unconstitutionality of Mr. Lott's death sentence. *See, e.g.*, Ohio S. Ct. Prac. R. 4.01 (motion for relief); Ohio R. App. Pro. 26(B) (motion to re-open direct appeal); or, Ohio Rev. Code § 2953.23 (successive post-conviction petition).

---

[2] Ohio law only provides for the mandatory appointment of counsel to a defendant who presents a *first* petition for post-conviction relief. *Conway v. Houk*, No. 3:07-cv-345, 2013 WL 6170601, at *2-3 (S.D. Ohio Nov. 22, 2013) (appointing counsel for exhaustion proceeding) (quoting *State v. Conway*, No. 12AP-412, 2013 WL 4679318, at *12-13 (Ohio App. 10th Dist. Aug. 29, 2013)). *See also State v. Clumm*, No. 08CA32, 2010 WL 364460, at *2 (Ohio App. 4th Dist. Jan. 28, 2010) (no right to appointed counsel after a first appeal as of right). Furthermore, as former counsel's Motion for Appointment details, other Ohio counsel is unable to represent Lott in state court due to conflict of interest. *See* R. 97, pp. 4-9.

Unless Respondent waives the exhaustion requirement, Mr. Lott must exhaust available state-court remedies before presenting his new, potentially meritorious, constitutional claim to this Court. 28 U.S.C. § 2254(b)(1)(A) & (b)(3).

5. Federal law governs the appointment of counsel and delineates counsel's responsibilities to Mr. Lott. Mr. Lott—an indigent defendant condemned to die—is entitled to adequate legal representation at any time before the sentence of death is carried out. 18 U.S.C. § 3599(a)(1)(B). "Unless replaced by similarly qualified counsel[,]" appointed counsel "shall represent [Mr. Lott] throughout every subsequent stage of available judicial proceedings[.]" 18 U.S.C. § 3599(e). This includes "all available post-conviction process, together with applications for stays of execution *and other appropriate motions and procedures*," as well as competency and clemency proceedings. *Id.* (emphasis added). Likewise, 18 U.S.C. § 3006A(c) provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance … through appeal, *including ancillary matters appropriate to the proceedings.*" (Emphasis added). State-court exhaustion proceedings fit squarely within the scope and duty of counsel's representation. They are both ancillary to, and appropriate procedures for, the proper presentation of a newly-available constitutional claim to the federal courts.[3] Accordingly, "[p]ursuant to § 3599(e)'s provision that counsel may represent her client in 'other appropriate motions and procedures,' a district court

---

[3] The time and resources that counsel would expend solely on exhaustion proceedings will be minimal because the issue is concurrently being prepared for presentation to the federal courts.

may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim[.]"[4] *Harbison*, 556 U.S. at 190 n.7.

6. Attorney Stephen A. Ferrell, (also of Federal Defender Services of Eastern Tennessee, Inc.), is admitted to the practice of law in the State of Ohio and is a member of the Ohio bar. Mr. Ferrell is available to represent Mr. Lott in state court, in conjunction with appointed counsel Dana Hansen Chavis (who will seek to appear *pro hac vice*).

WHEREFORE, Mr. Lott respectfully requests an order authorizing counsel to appear in state court and litigate a newly-arising constitutional claim for purposes of exhausting state remedies.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

/s/Stephen A. Ferrell
Stephen A. Ferrell, Ohio Bar No. 0061707
Asst. Federal Community Defender
Stephen_Ferrell@fd.org
**Counsel for Petitioner**

---

[4] Notably, a restriction on federal defender attorneys from providing representation in ancillary state proceedings—while other appointed counsel are unimpeded—creates an irrational and damaging disparity in legal representation. "The Constitution does not permit the Government to confine litigants and their attorneys in this manner." *Legal Services Corp. v. Velazquez*, 531 U.S. 533, 548 (2001).

/s/ Dana C. Hansen Chavis
Dana C. Hansen Chavis, TN BPR No. 19098
Asst. Federal Community Defender
Dana_Hansen@fd.org
**Co-Counsel for Petitioner**

800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Fax: (865) 637-7999

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2016, the foregoing Motion for Authorization for Habeas Counsel to Conduct State Court Litigation was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Stephen A. Ferrell
Stephen A. Ferell