```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
GREGORY LOTT,                                 :    Case No. 1:04-CV-822
                                              :
        Petitioner,                           :
                                              :
   vs.                                        :    OPINION & ORDER
                                              :    [Resolving Docs. Nos. 111, 112]
CHARLOTTE JENKINS, Warden,                    :
                                              :
        Respondent.                           :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Gregory Lott asks this Court to authorize his appointed federal counsel to litigate a new constitutional claim in Ohio state court.[1] Respondent Jenkins opposes, arguing that this Court lacks jurisdiction under 18 U.S.C. § 3599(e) to grant Lott's request.[2] For the reasons below, this Court **DENIES** the Petitioner's request.

## I. Background

In 1987, Petitioner Lott was convicted of murder and sentenced to death.[3] Lott sought and was denied federal habeas relief in 2009.[4] His execution is set for August 14, 2019.

In March 2013, Lott asked this Court to replace his appointed counsel from the Ohio State Public Defender with two attorneys from the Tennessee Federal Public Defender.[5] Lott

---

[1] Doc. 111.
[2] Doc. 112.
[3] Doc. 111 at 2.
[4] Docs. 93 & 96.
[5] Doc. 97.

Case No. 04-CV-822
Gwin, J.

requested the replacement after he identified problems with Ohio Public Defender's handling of his case.[6] This Court granted Lott's motion.[7]

Now, Lott asks this Court to authorize his Tennessee Federal Defenders to represent him in Ohio state court.[8] His counsel intends to litigate a new constitutional claim for the purpose of exhausting state remedies and ultimately presenting the claim to this Court.[9] Respondent Jenkins says that this Court cannot appoint federal counsel to represent Lott in these new state court proceedings.[10]

## II. Analysis

18 U.S.C. § 3599 provides for the appointment of federal counsel for indigent defendants in federal proceedings. Section 3599(e) requires counsel to represent their clients in proceedings subsequent to their appointment, which can include exhausting claims in state court.[11] However, subsequent proceedings are limited to proceedings related to an "on-going" federal habeas petition.[12] Section 3599(e) funding does not extend to "the commencement of new judicial proceedings" after a federal habeas action has ended.[13]

In 2009, Lott's first federal habeas petition was denied.[14] Lott now seeks to initiate a new post-conviction action in state court with the Tennessee Federal Defender as his counsel. Section 3599 does not give this Court jurisdiction to authorize the Tennessee Federal Defender to

---

[6] *Id.* at 4-5.
[7] Doc. 100.
[8] Doc. 111.
[9] *Id.* at 1, 4.
[10] Doc. 112.
[11] *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009).
[12] *Id.* at 189-190, 190 n.7.
[13] Irick v. Bell, 636 F.3d 289, 292 (6th. Cir. 2011).
[14] Docs. 93 & 96.

-2-

Case No. 04-CV-822
Gwin, J.

represent Lott in a new judicial proceeding in state court. Therefore, Petitioner Lott's motion is denied.

Regrettably, Lott will probably not have appointed counsel to help him litigate his constitutional claim in state court. Ohio does not guarantee Lott a right to counsel for his second post-conviction petition.[15] Furthermore, the Ohio Public Defender already removed itself from the case for conflicts of interest.[16] Although this Court lacks jurisdiction under 18 U.S.C. § 3599 to appoint Petitioner Lott federal counsel for this matter, the Court encourages the Tennessee Public Defender to assist Lott in securing him pro bono counsel.

### III. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Petitioner Lott's motion for this Court to authorize his appointed federal counsel to litigate a new claim in Ohio state court.

IT IS SO ORDERED.

Dated: December 8, 2016  *s/      James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[15] *See, e.g.*, *State v. Cunningham*, 2016 WL 2957052, at *10 (Ohio App. 3d. Dist. May 23, 2016).
[16] Doc. 97.

-3-